Mary Catherine STEPHENS, et al., Plaintiffs,

v.

NATIONAL GYPSUM CO., et al., Defendants.

Civ. A. No. 86–313–1–MAC (WDO).

United States District Court, M.D. Georgia, Macon Division.

May 27, 1988.

Mary Parker, Orange, Tex., William C. Randall, Macon, Ga., for plaintiffs.

M. Steven Heath, Athens, Ga., Thomas E. McCarter, Atlanta, Ga., for defendants.

ORDER

OWENS, Chief Judge.

Defendants in the above-referenced action have moved this court for an order allowing the disinterment of the body of Arthur Stephens for the purposes of an examination and a limited autopsy, including the procurement of adequate lung tissue by a qualified medical doctor. Well aware of the sensitive nature of such a request, this court has considered carefully defendants' motion.

■ Defendants make this unusual request as a means of discerning whether Mr. Stephens suffered from the disease asbestosis, and if so, whether and to what extent that disease contributed to his death. Defendants cite, among other cases, *Travelers Ins. Co. v. Welch*, 82 F.2d 799 (5th Cir.1936), wherein the Fifth Circuit stated that the law of Louisiana, which by express statute permitted the coroner to "cause a disinterment for the purpose of an autopsy in the interest of public justice," would also permit a court to order such action "for the promotion of the truth in private litigation...." *Id.* at 801. While that case is factually distinguishable from the present case and considered the question under Louisiana law, the concept is an accurate statement of the law. *See* 25A C.J.S. Dead Bodies § 4(3), pp. 505–07. In civil cases, under appropriate circumstances and in the furtherance of justice, courts may order disinterment for the purpose of performing an autopsy. *Id.* at 506. Disinterment for the purpose of examination or autopsy will be ordered upon a showing of good cause and urgent necessity and upon

a strong showing that the examination or autopsy will establish the facts sought. *Id.*

■ Upon careful examination of the various affidavits submitted by defendants, this court believes that good cause and urgent necessity have been shown. Defendants have also established a strong likelihood that the autopsy will resolve the questions regarding the deceased's condition. Therefore, this court hereby GRANTS defendants' motion. The court invites the parties to submit within fifteen days of the filing of this order a proposed order for the disinterment of the body of Arthur Stephens and for the examination and limited autopsy of that body. Such order should comply with orders prepared pursuant to O.C.G.A. § 45–16–45.